MARGARET JOAN QUALLS *v.* DALE LAVON QUALLS

5-5519                                                465 S. W. 2d 110

Opinion delivered April 5, 1971

*Warner, Warner, Ragon & Smith;* By: *Wayne Harris,* for appellant.

*Wiggins & Christian,* for appellee.

GEORGE ROSE SMITH, Justice. The only remaining contested issue in this divorce case is the custody of the couple's son, Boytt Dale Qualls, who will be ten years

old on April 18, 1971. The mother appeals from a final decree vesting custody of the child in the father.

Most of the testimony in the trial court was directed to the parties' respective grounds for divorce rather than to the issue of child custody. Qualls, who admitted that he is of a jealous nature, accused his wife of associating with other men and of not properly looking after the child. Mrs. Qualls denied those accusations and attributed the failure of the marriage to her husband's extreme jealousy and to his repeated threats of violence toward her and others. None of that testimony sheds much light upon the question of custody, except as it may have assisted the chancellor in deciding which parent was worthy of belief.

Mrs. Qualls testified that after the divorce she intended to live with her parents. Since Mrs. Qualls is employed during the day, the child would actually be in the care of his grandparents a good part of the time. The record tells us almost nothing about those grandparents or about their home.

Qualls testified, without contradiction, that during the marriage his wife often went to work before the child got up in the morning, so that Qualls himself provided the child with breakfast and took him to school. Qualls works about 40 hours a week, but his hours are irregular in that he may work for 15 hours in succession and then be at home for some time before he is called back to work. When Qualls is at work he arranges for the child to be cared for by Qualls's sister-in-law, who has two young children of her own and who testified in the case.

For reversal the appellant relies principally upon the law's inclination to favor the mother in custody cases involving very young children. That principle, however, loses some of its force as the child grows older and is not so strong in the case of a ten-year-o_d boy as it would have been much earlier in the child's life. Moreover, the trial judge saw fit to award custody to the father in spite of the rule in question. We view this

case much as we did the situation in *Wilson* v. *Wilson*, 228 Ark. 789, 310 S. W. 2d 500 (1958), where we said: "We know of no type of case wherein the personal observations of the court mean more than in a child custody case. The trial judge had an opportunity that we do not have, *i. e.*, to observe these litigants and determine from their manner, as well as their testimony, their apparent interest and affection, or lack of affection for the child. Under our oft repeated rule that we will not disturb the findings of the chancellor unless they are clearly against the preponderance of the evidence, we affirm this temporary order." We are of a similar opinion in the case at bar.

Affirmed.